IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GALLAGHER BENEFIT SERVICES, INC. and
ARTHUR J. GALLAGHER & CO.,

    Plaintiffs,

v.

GRANT T. CAMPBELL; A2 HOLDINGS, LLC;
ROBERT W. TAYLOR; and KATHRYN T.
STORCK,

    Defendants.

Civil Action No.
1:19-cv-00836-SDG

## ORDER

This matter is before the Court on Plaintiffs Gallagher Benefit Services, Inc. and Arthur J. Gallagher & Co.'s (collectively, "Gallagher") motion for leave to file an Amended Complaint [ECF 95]. For the following reasons, Gallagher's motion is **DENIED**. Defendants have also filed a motion for leave to file a sur-reply to Gallagher's motion to amend [ECF 104], which is **DENIED AS MOOT**.

**I.   BACKGROUND**

On February 19, 2019, Gallagher initiated this action against Defendants Grant T. Campbell; A2 Holdings, LLC; Robert W. Taylor; and Kathryn T. Storck.[1] Gallagher's Complaint asserts claims for breach of contract, tortious interference

---

[1]   ECF 1.

with contract, and requests preliminary and permanent injunctive relief.[2] On April 16, 2019, the Court entered a scheduling order approving the parties' Joint Preliminary Report and Discovery Schedule.[3] Regarding amendments to the pleadings, the Joint Preliminary Report and Discovery Schedule expressly provided: "Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary and Discovery Plan is filed . . . will not be accepted for filing, unless otherwise permitted by law."[4]

On February 6, 2020, Gallagher filed the instant motion for leave to file an Amended Complaint to add claims for punitive damages and attorneys' fees.[5] On February 20, Defendants filed their opposition.[6] Gallagher replied on March 5.[7]

## II.  LEGAL STANDARD

When a motion to amend is filed after the Court has issued a scheduling order, the movant is required to demonstrate good cause under Federal Rule of Civil Procedure 16(b) before the Court may consider the amendment under Rule

---

[2]  *Id.*

[3]  ECF 16.

[4]  ECF 15

[5]  ECF 95.

[6]  ECF 98.

[7]  ECF 101.

15. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). *See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). To consider only Rule 15(a) without regard to Rule 16(b) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419. The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (upholding district court's denial of plaintiff's motion to amend complaint because plaintiff's failure to comply with court's scheduling order resulted from "lack of diligence in pursuing her claim"); *Bowers v. Am. Heart Ass'n., Inc.*, 513 F. Supp. 2d 1364, 1367 (N.D. Ga. 2007) ("Absent a showing of diligence on the part of a party seeking to extend deadlines contained in the scheduling order, the court-ordered schedule should not be disturbed.") (quoting *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1278 (M.D. Fla. 2002)). "If a party was not diligent, the good cause inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). *See also Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of

discovery, past the deadline for amendments and past the deadline for filing dispositive motions.").

Once a court determines that good cause has been shown, only then may it look to Rule 15, which provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 indicates that the "court should freely give leave when justice so requires." *Id*. However, the decision of whether to grant leave to amend remains committed to the sound discretion of the trial court. *S. Grouts & Mortars. Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009); *Interstate Nat'l Dealer Servs., Inc. v. U.S. Auto Warranty, LLC*, No. 1:12-CV-04265-RWS, 2015 WL 13273318, at *8 (N.D. Ga. Dec. 11, 2015) ("[L]eave to amend is by no means automatic."). The Eleventh Circuit has advised that a court should deny leave under Rule 15 only "where there is substantial ground for doing so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [and] futility of amendment." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008).

### III.   DISCUSSION

Gallagher requests permission to file an Amended Complaint adding new claims for punitive damages and attorneys' fees. Defendants argue the Court should not permit this amendment because Gallagher has not shown good cause under Rule 16, and in any event, its proposed amendment is untimely. The Court agrees that the proposed amendment does not satisfy the good cause standard of Rule 16 and is untimely. As such, the Court need not analyze Gallagher's request under Rule 15.

As noted above, the Court entered a scheduling order on April 16, 2019.[8] That scheduling order adopted the parties' Joint Preliminary Report and Discovery Plan, which provided that any amendment to the pleadings had to be made within 30 days.[9] As such, the deadline for Gallagher to amend the Complaint expired on May 16, 2019. Gallagher, however, did not file the instant motion to amend until February 6, 2020—nearly nine months after the deadline in the

---

8   ECF 16.

9   ECF 15.

scheduling order.[10] The parties did not request that the Court extend that deadline. Therefore, Gallagher must satisfy Rule 16.

Gallagher's motion completely fails to cite to—let alone address—the good cause standard of Rule 16. It instead solely focuses on the more liberal amendment standard of Rule 15. Gallagher cannot rely exclusively on Rule 15 as a basis to amend the Complaint after the time permitted in the scheduling order. This alone is enough to deny Gallagher leave to amend. *Crutchfield Props., LLLP v. Ashgan Prod., LLC*, No. 4:17-cv-0076-HLM, 2018 WL 6177957, at *2 (N.D. Ga. Sept. 28, 2018) ("Defendants did not even attempt to address Rule 16 in their initial brief, and they thereby waived any arguments concerning that Rule."). *See also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (district court did not err by denying motion to amend because plaintiff "did not indicate with any specificity the good cause he had for untimely moving to amend his complaint"); *Tischer v. Bank of Am. N.A.*, No. 1:12-cv-4185-CAP, 2015 WL 11198945, at *1 (N.D. Ga. Feb. 10, 2015) ("[P]laintiffs fail to mention—let alone show—good cause under Rule 16(b) for permitting the delayed amendment.").

---

10  ECF 95.

Gallagher's arguments do not demonstrate good cause sufficient to satisfy Rule 16. According to Gallagher, it seeks to add claims for punitive damages and attorneys' fees based on information it learned through the discovery process. Gallagher asserts the Court should permit amendment because Defendants will not be prejudiced. The Court disagrees.

First, as Gallagher readily admits, its proposed additional claims "are based on the *same facts* and causes of action that have already been alleged in this matter" and "do not raise any new factual issues."[11] Gallagher initiated this action over 15 months ago and expressly alleged Defendant Taylor and A2 committed an intentional tort.[12] There is no reason Gallagher could not have included in its original Complaint the claims it now seeks to add, or sought leave to amend at any time during the period allotted by the scheduling order. It points to no particular piece of discovery that suddenly triggered its ability to assert these claims. This is not a case in which Gallagher acted with diligence and still could not meet the scheduling order's deadlines. *Sosa*, 133 F.3d at 1419 (denying amendment because "the information supporting the proposed amendment to the complaint was available to [plaintiff] even before she filed suit").

---

[11]  ECF 95-1, at 3.

[12]  ECF 1, at 19.

Second, contrary to Gallagher's assertions, permitting amendment at this stage would prejudice Defendants. As stated above, this case has been pending more than a year. The parties sought and obtained two extensions of discovery. However, Gallagher did not file its motion to amend until six days before the end of this extended period; discovery is now closed. The motion came only two months before the deadline for the parties to file summary judgment motions. Each of the three groups of Defendants (Campbell; Storck; and A2 Holdings, LLC and Taylor) has since filed a motion for summary judgment, which are currently pending.[13] The Court finds that adding additional claims against Defendants at this stage would cause unnecessary expense, delay, and prejudice. *McKenzie v. Thompson*, No. 1:15-cv-00050-ELR, 2016 WL 9047115, at *2 (N.D. Ga. July 20, 2016). Therefore, Gallagher has not satisfied the good cause standard required by Rule 16.

---

[13] ECF 115; ECF 120; ECF 122.

## IV. CONCLUSION

Gallagher's motion for leave to amend the Complaint [ECF 95] is **DENIED**. Defendants' motion for leave to file a sur-reply [ECF 104] is **DENIED AS MOOT**.

**SO ORDERED** this the 11th day of June 2020.

Steven D. Grimberg
United States District Court Judge